IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CREATOR LORD GOD, aka Royal Clark Robertson, #00549348,<br><br>Plaintiff,<br><br>vs.<br><br>T.D.C.J., *et al.*,<br><br>Defendants. | CIVIL NO. 20-00468 JAO-RT<br><br>ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION |

## ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION

Before the Court is pro se Plaintiff Royal Clark Robertson's ("Robertson")[1] Prisoner Civil Rights Complaint ("Complaint") brought against the Texas Department of Criminal Justice ("TDCJ"), all employees of the William P. Clements Unit ("Clements Unit"), which is a state prison of the TDCJ, and all inmates at the Clements Unit. ECF No. 1. Also before the Court is Robertson's Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF No. 3. For the following reasons, this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Robertson's IFP Application is DENIED.

---

[1] Plaintiff refers to himself as "Creator Lord God," ECF No. 1, and "Lord God Creator," ECF No. 3.

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND

Robertson is a TDCJ prisoner incarcerated in Amarillo, Texas.  *See* ECF No. 1.  Although Robertson marked a box on his Complaint indicating that he seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983,[2] he does not advance any claims or offer any supporting facts.  *See id.* at

---

[2] Robertson also wrote in "Texas 99th U.S.C. Threats to Me (1983)."  ECF No. 1 at 1.

5–7 (leaving form blank).  Robertson offers only the following statement in his request for relief: "Let me endangers exists of all states T.D.C.J. and others gangs inmates and all gangs employees civils rights toward all my enemys [sic] gangs on deaths exists by my my [sic] majicals [sic] psychos powers amendments is to produces results 1st to 29th!"  *Id.* at 8.

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury as a result

of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

Robertson alleges insufficient facts for the Court to infer plausibly that any Defendant violated his civil rights. Robertson does not offer any supporting facts explaining what allegedly happened, when or where these alleged events occurred, or detail what each Defendant personally did to connect them to his allegations. The Complaint therefore does not comply with Rule 8 and is DISMISSED. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *Shavelson v. Haw. Civil Rights Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018) (same (quoting *id.*)).

The Court generally dismisses pro se civil rights complaints with leave to amend, unless it is absolutely clear the plaintiff could not cure the deficiencies by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012). Here, because it is impossible for the Court to determine if Robertson can cure the deficiencies in his claims, the dismissal is without prejudice. The Court also notes, however, that Robertson is a TDCJ prisoner incarcerated in Amarillo, Texas. Thus, to the extent Robertson attempts to challenge his current conditions of confinement, the District of Hawaii is not the proper venue for those claims. *See* 28 U.S.C. §§ 1391(b), 1406; *Dermendziev v. Washington*, 624 F. App'x 454, 455

(9th Cir. 2015). Any such claims must be raised, if at all, in the Northern District of Texas. *See Robertson v. Emps. Bill Clements Unit, et al.*, Civil No. 20-00233 JMS-KJM, ECF No. 4 (D. Haw. June 15, 2020) (dismissing complaint as frivolous and stating that it was "impossible for the court to find that venue for these claims . . . lies within the District of Hawaii").

## IV.  CONCLUSION

(1)  Robertson's Complaint is DISMISSED without prejudice. Any claim arising out of the conditions of confinement at the Clements Unit must be realleged and brought, if at all, in the Northern District of Texas.

(2)  Robertson's IFP Application is DENIED as moot.

(3)  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, December 9, 2020.



Jill A. Otake
United States District Judge

Civil No. 20-00468 JAO-RT, *Robertson v. T.D.C.J., et al.*; Order Dismissing Action and Denying In Forma Pauperis Application